IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK07-82643-TJM |
| | ) | |
| SPORTSSTUFF, INC., | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |
| SPORTSSTUFF, INC., | ) | ADV. NO. A08-08009-TJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSALYNE ATTALI-IN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

      A hearing was held on June 26, 2008, in Lincoln, Nebraska, regarding whether the preliminary injunction, which was entered on April 28, 2008 (Fil. #79), should be continued in force, lifted, or made permanent.

      Counsel for Debtor informed the Court that progress had been made with regard to obtaining the appearance or intervention of some of the necessary parties, and that some discussions had taken place with regard to the insurance policies related to the issues in the adversary proceeding. Counsel requested that the preliminary injunction be extended for a period of approximately 90 days, with a status hearing scheduled at that time.

      Counsel for all other parties appearing were polled and most, but not all, stated that they had no objection to the extension.

      An issue was raised by counsel for a number of defendants/claimants concerning whether the order entered on April 28, 2008, enjoining all actions related to the sale or purchase of products which are the subject matter of claims against Debtor is overbroad. The concern was that some claimants, pursuant to their state laws, have the right to bring direct actions against retailers or distributors or others in the chain of commerce that dealt with such products. The order appears to prohibit any action concerning those holding claims against Debtor, whether the action is against Debtor, insurance companies of Debtor, entities that have co-insurance rights, entities that have contractual indemnification rights, and other entities that may have no co-insurance rights or indemnification rights, contractually or otherwise. It was suggested by counsel that if a claimant has a cause of action against an entity that has no co-insurance rights or contractual indemnification rights, injunctive relief in this adversary proceeding enjoining actions against such an entity is not appropriate, and the claimant should be permitted to proceed without fear of violation of the order of injunction.

      That suggestion by counsel is accurate but, at this point in time, there has been no complete identification of the parties that have co-insurance rights or contractual indemnification rights.

      Counsel for Debtor agreed to provide such information, either through a motion or other filing, and to do so within two weeks.  Counsel is requested to take such action and file such documentation on or before July 11, 2008.  Thereafter, any claimant wishing to pursue a cause of action against a person or an entity not listed may, by motion made in this adversary proceeding, request affirmative relief from the injunction to enable the claimant to proceed against an entity, specified by name in the motion, that is not included in the document filed by counsel for Debtor. The movant should give notice pursuant to the Local Rules and an opportunity by a date certain for filing a resistance.  If no resistance is timely filed, an order will be entered providing affirmative relief from the injunction.

      The injunction order entered on April 28, 2008 (Fil. #79), is hereby extended for a period of 90 days.  A status hearing will be held on September 22, 2008, at 11:00 a.m.  Counsel who will be participating should inform the Clerk of the Bankruptcy Court by September 18, 2008.

      IT IS SO ORDERED.

      DATED: June 26, 2008.

                                  BY THE COURT:

                                  /s/ Timothy J. Mahoney
                                  Chief Judge

Notice given by the Court to:
    Parties of record
    U.S. Trustee