IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK07-82643-TJM |
| ) | A08-8009-TJM |
| SPORTSSTUFF, INC., ) | |
| ) | CH. 11 |
| Debtor(s). ) | |
| SPORTSSTUFF, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROSALYNE ATTALI-IN, et al, ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on June 2, 2009, regarding Filing #365, Motion to Modify Injunction, filed by the Committee of Unsecured Creditors.

Appearances:

- Robert Ginn for the debtor/plaintiff
- James Cavanagh and David Bernsen for Personal Injury Claimants
- James Cann for Axis Surplus Insurance Company
- Emmett Childers for Rhonda Brown
- Richard Garden, Jr., and Jacob Woodard for Interstate Fire and Casualty Company
- Richard Myers for Evanston Insurance Company
- Jenna Taub for Bruce Bosley, d/b/a Century Marine, Cramar, Inc., d/b/a Duchow's Boat Center, Tie Performance Boas, LLC
- Martin Pelster for Dri-Port Marine, Inc.,
- Douglas Quinn for the Committee of Unsecured Creditors
- Frank Schepers and Wirt Brock for Robert Dunnam III
- Michael Whaley for Overton's Inc., Bart's Water Ski Center and the Wind Surf Co. d/b/a TWC Surf and Sport
- Charles Hendricks for Wal-Mart Stores, Inc.
- Elliott Olsen for Personal Injury Claimants
- T. Randall Wright for Land N Sea Distribution Systems, Inc.
- Gerald Gorman for Lakeside Boat Sales, Inc.
- Nicholas Kaufman as Special Litigation Counsel for SportsStuff, Inc.

The Official Committee of Unsecured Creditors has filed a motion requesting the court to modify the injunction entered on April 28, 2008, to allow the injunction to be dissolved, except as it applies to litigation directly against the three insurance companies involved in this case, or demands from any third party vendor to provide defense or defense costs in litigation against the vendors in non-bankruptcy venues. The insurance companies and the vendors object.

The insurance companies object because they have entered into settlements with the debtor

which have recently been approved by the court, subject to the entry of a final order. Those settlements provide for the insurance companies to contribute to the debtor the full amount of the policy proceeds, thereby exonerating them from any further obligation to the debtor, the vendors, or any other parties concerning providing a defense or defense costs. Their concern is that if the injunction is dissolved prior to the entry of a final order concerning the settlements, even with an order that prohibits any parties from taking actions against or making claims upon the insurance companies, such actions or claims will still be made, thereby reducing the proceeds and putting the insurance companies in jeopardy of violating the terms of the settlements.

   The vendors are concerned that a certain portion of the motion gives them a very short period of time to settle the cases brought against them before the injunction would be dissolved and they would be subject to the commencement or continuation of litigation. Their concern is that they have not had the opportunity, in most cases, to complete sufficient discovery to enable them to properly evaluate the claim or claims against them. Without such discovery having been completed, they will not be able to evaluate the claims during the "safe harbor" period.

   In response, the attorney for many of the claimants argued that in most of the litigation now pending, the vendors have been provided significant discovery and there is little more to provide them.

   The motion is deferred. The settlements generally approved last week will be at risk if the injunction is dissolved before the entry of a final order regarding the settlements. Once the final order is entered, the Committee may request further consideration of the motion. Written objections or comments may then be filed, but another hearing on the matter should not be necessary.

   IT IS ORDERED that Filing #365, Motion to Modify Injunction is deferred pending entry of a final order regarding the approved settlements.

   DATED:  June 8, 2009

                     BY THE COURT:

                     /s/ Timothy J. Mahoney
                     United States Bankruptcy Judge

Notice given by the Court to:
| | |
|---|---|
| Robert Ginn | James Cavanagh |
| David Bernsen | James Cann |
| Emmett Childers | Richard Garden, Jr. |
| Jacob Woodard | Richard Myers |
| Jenna Taub | Martin Pelster |
| *Douglas Quinn | Frank Schepers |
| Wirt Brock | Michael Whaley |
| Charles Hendricks | Elliott Olsen |
| T. Randall Wright | Gerald Gorman |
| Nicholas Kaufman | U.S. Trustee |

Movant (*) is responsible for giving notice to other parties if required by rule or statute.