IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82643-TJM |
| | ) | A08-8009-TJM |
| SPORTSSTUFF, INC., | ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| SPORTSSTUFF, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSALYNE ATTALI-IN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on October 13, 2009, regarding Filing #463, Motion to Stay Pending Appeal, filed by Overton's Inc., and joined by several parties.

Appearances:
- Robert Ginn for the debtor
- James Cann for Axis Surplus Insurance Company
- David Koukol and Mark Young for Stephanie Bykowski, Thomas Downer, James Feinauer
- Jenna Taub for Ace American Insurance Company, Bruce Bosley dba Century Marine, Tige Performance Boats, L.L.C., and Cramar, Inc. d/b/a Duchows Boat Center
- Martin Pelster for Dri-Port Marine, Inc.
- Douglas Quinn for Committee of Unsecured Creditors
- Frank Schepers and Wirt Brock for Robert Dunnam III
- Charles Hendricks for Wal-Mart Stores, Inc.
- T. Randall Wright for Land 'N Sea Distribution Systems, Inc.
- Emmett Childers for Rhonda Brown
- Jacob Woodard for Interstate Fire and Casualty Co.
- Richard Myers for Evanston Insurance Co.
- Michael Whaley for Overton's Inc., Bart's Water Ski Center and The Wind Surf Co.

On April 28, 2008, at Filing #79, concerning the Wego-Kite Tube product distributed by Debtor, the court entered an order determining that Debtor's products liability and excess liability insurance policies and proceeds are property of the Debtor's bankruptcy estate. In addition, the order enjoined the Defendants in the adversary proceeding, their agents, servants, employees and counsel, from continuing or commencing (a) any actions or proceedings against any property in which Debtor has a legal, equitable, beneficial, contractual or other interest including, without limitation, Debtor's insurance policies or proceeds; and (b) any actions or proceedings which allege personal injury, wrongful death, or any other claims for loss arising from or relating to any of the products sold by Debtor or any defect thereof, against Debtor's insurance companies, co-insureds or indemnities.

The preliminary injunction was extended from time to time. Eventually, the Debtor and its insurance companies came to an agreement that the insurance companies would deliver to the Debtor the remaining 6.3 million dollars representing the full amount remaining available for use in payment of claims against the Debtor, in consideration for a complete release of the insurance companies by the Debtor and a permanent injunction enjoining any and all parties from making any claims against the insurance companies. After notice and hearing, the court entered an order approving the compromise settlements with the insurance companies. Those orders are found in the bankruptcy case, Case No. BK07-82643-TJM, at Filings #473, #474, and #475, and one of the orders is found in the adversary proceeding, Adv. Proc. No. A08-8009-TJM, at Filing #399.

Those orders have been appealed by various parties, hereinafter referred to as "Vendors," who claim to have contractual rights in the policies as co-insureds, additional insureds, or contractual indemnitees.

Following the entry of those orders, the Intervenor-Defendant Unsecured Creditors Committee filed an amended motion and renewed motion to modify the injunction originally entered on April 28, 2008. That amended and renewed motion is at Filing #423 in this adversary proceeding. It requested the court to modify the injunction

> to allow for the injunction, except as it extends to the insurers, that is, IFCC, Evanston and Axis to be dissolved, upon entry of an order approving the Motion to permit pursuit of all co-defendants, third-parties and the like, including those against vendors, additional insureds and indemnities, save and except only for the insurers, as to which the injunction orders shall remain in full force and effect.

In addition, it requested that the court "specifically enjoin any attempts by any co-defendant, third-party and the like to make demand upon or in any way seek recovery from the insurers for defense, cost of defense, or the like."

After notice and hearing, an order was entered at Filing #448 in the adversary proceeding granting the amended motion and renewed motion to modify the injunction. Several of the Vendors who claim to be additional insureds or contractual indemnities appealed the order modifying the injunction.

Those parties that have appealed the order granting the amended motion and modified motion have filed these motions for stay pending appeal. It is their position that the injunction should not be modified to permit lawsuits against them until the issue of their rights under the insurance policies is finally determined. They claim that it is most likely that the appellate courts will reverse the orders approving the settlements with the insurance companies because, from their point of view, those orders were entered based upon an erroneous view of the law. In addition, they suggest they will be irreparably harmed if they are subject to litigation without benefit of the insurance companies providing a defense and being available to participate in any settlement negotiations in the personal injury or wrongful death litigation that they face. From the point of view of the movants, the personal injury claimants who are now free to proceed with litigation in various venues throughout the United States will not be harmed by the continuation of the injunction. Finally, they suggest that the public interest is not involved in the issues before the court.

A party seeking a stay pending appeal must demonstrate that it is likely to succeed on the

merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest. Ross v. Strauss (In re Ross), 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998) (citing Fargo Women's Health Organization v. Schafer, 18 F.3d 526, 538 (8th Cir. 1994); James River Flood Control Assoc. v. Watt, 680 F.2d 543, 544 (8th Cir. 1982)(per curiam)); Fed. R. Bankr. P. 8005. The movant bears the burden of proof on each of these elements by a preponderance of the evidence. In re Wire Rope Corp. of America, Inc., 302 B.R. 646, 648 (Bankr. W.D. Mo. 2003).

No evidence has been presented on any of the elements, except the affidavit of counsel for several of the movants and an affidavit submitted on behalf of Land 'N Sea Distributing, Inc. Both of those affidavits inform the court that the movants are defendants in certain litigation and, as a result of the modification of the injunction, it appears that the plaintiffs are moving forward with the litigation. Although the movants argue that the court decided the original underlying matter of the compromise settlements with the insurance companies by relying on an erroneous version of the law, they cited no authority in addition to that which they had already presented in resistance to the settlements.

With regard to the element of irreparable injury, they assert that they will be required to expend funds for attorney fees and discovery if they are not protected by a stay pending appeal. They present no authority that monetary damages in the form of attorney fees or discovery expenses are the equivalent of "irreparable injury" and the law is clear that any such assertion is incorrect. Generally, economic loss or monetary injury is not irreparable because it can be estimated and compensated. See, e.g., Sampson v. Murray, 415 U.S. 61, 90 (1974); Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 727 (3d Cir. 2004); Brenntag Int'l Chem., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999); Hughes Network Sys., Inc. v. Interdigital Commc'n. Corp., 17 F.3d 691 (4th Cir. 1994); Federal Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 560 (5th Cir. 1987); Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987); In re Wire Rope Corp. of Am., Inc., 302 B.R. 646, 649 (Bankr. W.D. Mo. 2003).

"In evaluating the degree of injury, it is important to remember that the 'key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" Zurich Am. Ins. Co. v. Lexington Coal Co. (In re HNRC Dissolution Co.), 371 B.R. 210, 238 (E.D. Ky. 2007) (quoting Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). "While a deserving litigant is always harmed if judicial relief is delayed, such harm does not automatically rise to the irreparable level. Formidable as it is, the cost and delay associated with modern-day litigation simply does not establish irreparable harm. As the Supreme Court has succinctly put it, irreparable harm must be 'greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings] before challenging interlocutory orders it considers erroneous.' Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 n.13 (1981)." I.A.M. Nat'l Pension Fund Benefit Plan A v. Cooper Indus., Inc., 789 F.2d 21, 25 (D.C. Cir. 1986) (internal citation omitted).

A monetary injury in the form of the cost of further litigation "is not a sufficient basis to impose a stay because '[i]t has long been recognized that mere litigation expense, even if substantial and unrecoupable, does not constitute irreparable injury.'" Calabria v. CIT Consumer Group (In re Calabria), 407 B.R. 671, 680 (Bankr. W.D. Pa. 2009) (quoting In re Countrywide Home Loans, Inc., 387 B.R. 467, 474 (Bankr. W.D. Pa. 2008) and Renegotiation Bd. v. Bannercraft

Clothing Co., 415 U.S. 1, 24 (1974)).

Concerning the element of irreparable injury to other parties involved, the movants suggest that there would be no such injury if the stay were entered. However, that position plainly ignores the fact that the personal injury claimants and wrongful death claimants have been precluded from moving forward with their litigation since late April 2008 and, if a stay pending appeal is entered, will be precluded from moving forward with that litigation for a minimum of several months. With the possibility of appeal to the Eighth Circuit Court of Appeals, they will be delayed for a significant amount of time. That delay, in and of itself, can be considered irreparable harm. That delay also impacts upon the element of the public interest. Litigation and delay in litigation is always a matter of public interest. In re Williamson, ___ B.R. ___, 2009 WL 2867660, at *2 (Bankr. S.D. Ga. Apr. 10, 2009) ("To delay this trial potentially for at least another year while the appeal is pending would not benefit the public interest, especially in light of the great harm that could befall Debtor's creditors in the meantime."); In re Great Barrington Fair & Amusement, Inc., 53 B.R. 237, 240 (Bankr. D. Mass. 1985) (the chief harm in granting a stay of the sale of assets is the delay suffered by other creditors); In re GHR Cos., Inc., 41 B.R. 666, 668 (Bankr. D. Mass. 1984) ("[T]he creditors have a very strong interest in seeing that further delay is not encountered in what already have been protracted proceedings."); Fed. R. Bankr. P. 1001 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.")

Finally, this adversary proceeding was originally brought to obtain declaratory relief that the insurance policies were property of the bankruptcy estate, and to protect the insurance policies from being dissipated by claims made against the insurance companies by the movants. The original order approving the settlements with the insurance companies determined that the policies were the property of the bankruptcy estate, and that any rights the co-insured or additional insureds or contractual indemnitees had to such policies were derivative of the rights of the Debtor. That order provided that the insurance proceeds were to be used solely for compensation of the personal injury and wrongful death claimants. Such use of insurance proceeds will benefit the movants, to the extent the proceeds are distributed to those claiming against the movants, simply by reducing the amount of the claims they may be responsible for.

The movants having failed to prove their right to a stay pending appeal by a preponderance of the evidence, the motions and joinders are denied.

IT IS ORDERED that the Motion to Stay Pending Appeal (Fil. #463) and joinders are denied.

DATED:    October 22, 2009

                                              BY THE COURT:

                                              /s/ Timothy J. Mahoney
                                              United States Bankruptcy Judge

Notice given by the Court to:
    Robert Ginn           James Cann           David Koukol

| | | |
|---|---|---|
| Jenna Taub | Martin Pelster | Douglas Quinn |
| Frank Schepers | Wirt Brock | Charles Hendricks |
| T. Randall Wright | Emmett Childers | Jacob Woodard |
| Richard Myers | *Michael Whaley | |

Movant (*) is responsible for giving notice to other parties if required by rule or statute.